UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 23-CV-1415-VMC/CPT

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

    Plaintiff,

v.

JOSHUA STEIN, P.A.,

    Defendant.

___

## Case Management Report

Plaintiff, Affordable Aerial Photography, Inc., and defendant Joshua Stein, P.A., by and through their respective attorneys, pursuant to Fed. R. Civ. P. 26, the Court's order accelerating the time for conferring and filing, [ECF 17], file this, their case management report.

The parties understand that the Court requires a modified case management report[1] be used and filed in non-fast track cases. The parties were unable to locate an editable (e.g. .DOCX) form for that document. To the extent not already available, the parties recommend such an editable version be made available to litigants rather than .PDF format as currently appears available.

---

[1] As provided on the Court's website, https://www.flmd.uscourts.gov/judges/virginia-covington under Civil Case Management, with the following link: https://www.flmd.uscourts.gov/sites/flmd/files/judges/forms/covington-case-management-report_0.pdf

The parties have agreed on the following dates and discovery plan pursuant to Fed. R. Civ. P. 26(f) and Local Rule 3.05(c):

| **DEADLINE OR EVENT** | **AGREED DATE** |
|---|---|
| **Mandatory Initial Disclosures**<br>[14-30 days after CMR meeting] | **September 19, 2023** |
| **Certificate of Interested Persons and Corporate Disclosure Statement**<br>[Each party who has not previously filed must file immediately] | **[completed]** |
| **Motions to Add Parties or to Amend Pleadings**<br>[Approximately 1 - 2 months after CMR meeting] | **October 23, 2023** |
| **Disclosure of Expert Reports**<br>**Plaintiff:**<br>**Defendant:**<br>[Approximately 1 - 2 months before discovery deadline to allow expert depositions] | **January 5, 2024** |
| **Discovery Deadline**<br>[Approximately 6 - 8 months after defendant's first appearance] | **February 19, 2024** |
| **Dispositive Motions, *Daubert*, and *Markman* Motions**<br>[Court requires 5 months or more before trial term begins] | **March 4, 2024** |
| **Meeting *In Person* to Prepare Joint Final Pretrial Statement**<br>[Court will set a date] | |
| **Joint Final Pretrial Statement** (Including a Single Set of Jointly-Proposed Jury Instructions and Verdict Form, Witness Lists, Exhibit Lists with Objections on Approved Form – all to be emailed in a Word document to chambers at:<br>chambers_flmd_covington@flmd.uscourts.gov.)<br>[Court will set a date] | |

| | |
|---|---|
| **All Other Motions Including Motions In Limine**<br>[Court requires 2 months before Trial term begins] | **June 6, 2024** |
| **Final Pretrial Conference**<br>[Court will set a date] | |
| **Trial Term Begins**<br>[Trial term must not be less than 5 months after dispositive motions deadline (unless filing of such motions is waived); district judge trial terms begin on the first Monday of each month; trials before magistrate judges will be set on a date certain after consultation with the parties] | **August 5, 2024** |
| **Estimated Length of Trial**<br>[Number of trial days] | **2-3 days** |
| **Jury / Non-Jury** | **Jury** |
| **Mediation Deadline**:<br>Proposed Date of Mediation:<br>Mediator Name: Glenn J. Waldman[2]<br>Address: 450 East Las Olas Boulevard, Suite 1400<br>Telephone: 954-462-2000<br>[Absent arbitration, mediation is mandatory; the Court recommends 7 days after the<br>discovery deadline] | **February 26, 2024** |
| All Parties Consent to Proceed Before Magistrate Judge | **Yes**____<br>**No__x__**<br>**Likely to Agree in Future** _____ |

## I.     Preparation of the Case Management Report

---

[2] Defense counsel has agreed to plaintiff's proposed mediator on the condition that the mediator not require defense counsel or defense counsel's firm be committed financially to the mediator's fee. Should Mr. Waldman require a financial obligation of defense counsel, defendant will object to him and either propose alternative private mediator's or request mediation by a federal magistrate.

Lead counsel may meet in person or by telephone to prepare the Case Management Report. Pursuant to Local Rule 3.05(c)(2)(B) or (c)(3)(A),[3] a meeting was held in person or by telephone on August 23, 2023, and was attended by:

<u>Meghan Medacier, Esq., counsel for plaintiff</u>

<u>Griffin C. Klema, Esq., counsel for defendant</u>

Once the parties have met and a case management report has been filed, discovery in this case can commence.

## II. Pre-Discovery Initial Disclosures of Core Information

**Fed. R. Civ. P. 26(a)(1)(A) - (D) Disclosures**

Fed. R. Civ. P. 26, as amended effective December 1, 2000, provides that these disclosures are mandatory in Track Two and Track Three cases, except as stipulated by the parties or otherwise ordered by the Court (the amendment to Rule 26 supersedes Middle District of Florida Local Rule 3.05, to the extent that Rule 3.05 opts out of the mandatory discovery requirements):

The parties ____ have exchanged __x__ agree to exchange (check one) information described in Fed. R. Civ. P. 26(a)(1)(A) - (D)

_____ on ____x____ by (check one) <u>September 19, 2023</u> (date).

Below is a description of information disclosed or scheduled for disclosure, including electronically stored information as further described in Section III below.

---

[3] A copy of the Local Rules may be viewed at http://www.flmd.uscourts.gov.

Defendants, based on prior experience litigating alleged infringement in another lawsuit brought by plaintiff, styled <u>Affordable Arial Photography, Inc. v. Abdelsayed</u>, No. 21-cv-81331 (S.D. Fla.), are aware that plaintiff should have the following documents and information. Plaintiff objects to producing this information as part of its initial disclosures (or "schedule[ it] for disclosure" as this case management report requires), and believes defendant must propound discovery to obtain same:

    a. the native, pre-edited photograph(s) of the subject image[4];

    b. other photographs taken of the house and boat depicted (Affordable Aerial Photography takes many such images)[5];

    c. plaintiff's prior license(s) for the subject image, if any;

    d. the Dropbox link for the images provided by plaintiff to the listing agent;

    e. plaintiff's agreement with the property listing agent;

    f. plaintiff's invoice for the photograph(s) taken and provided to the property listing agent; and

    g. Any work for hire agreements between any individual photographer or editor and plaintiff.

---

[4] <u>See</u> Doc. No. 100-1, Deposition of Mateuz Rymarski, plaintiff's Rule 30(b)(6) corporate representative, April 1, 2022, at 85:4-86:5 (Q. When AAP goes to photograph a home, how many photograph does it typically take? A. It varies. Q. Can you give me a range? A. It could be from, maybe, five, 10. It could be 200. Maybe even 200. It's -- most of the time it's somewhere below hundred. ... each photograph is – it might need to be photographed at different exposures. So one photograph might be five or six.... then seeing which is a nicer one.).

[5] <u>See</u> n. 4, *supra*.

### III. Electronic Discovery

The parties have discussed issues relating to disclosure or discovery of electronically stored information ("ESI"), including Pre-Discovery Initial Disclosures of Core Information in Section II above, and agree that (check one):

___ No party anticipates the disclosure or discovery of ESI in this case;

_x_ One or more of the parties anticipate the disclosure or discovery of ESI in this case.

If disclosure or discovery of ESI is sought by any party from another party, then the following issues shall be discussed:[6]

A. The form or forms in which ESI should be produced.

B. Nature and extent of the contemplated ESI disclosure and discovery, including specification of the topics for such discovery and the time period for which discovery will be sought

C. Whether the production of metadata is sought for any type of ESI, and if so, what types of metadata.

D. The various sources of ESI within a party's control that should be searched for ESI, and whether either party has relevant ESI that it contends is not reasonably accessible under Rule 26(b)(2)(B), and if so, the estimated burden or costs of retrieving and reviewing that information.

---

[6] See Generally: *Rules Advisory Committee Notes* to the 2006 Amendments to Rule 26 (f) and Rule 16

E. The characteristics of the party's information systems that may contain relevant ESI, including, where appropriate, the identity of individuals with special knowledge of a party's computer systems.

F. Any issues relating to preservation of discoverable ESI.

G. Assertions of privilege or of protection as trial-preparation materials, including whether the parties can facilitate discovery by agreeing on procedures and, if appropriate, an Order under the Federal Rules of Evidence Rule 502. If the parties agree that a protective order is needed, they shall attach a copy of the proposed order to the Case Management Report. The parties should attempt to agree on protocols that minimize the risk of waiver. Any protective order shall comply with Local Rule 1.09 and Section IV. F. below on Confidentiality Agreements.

H. Whether the discovery of ESI should be conducted in phases, limited, or focused upon particular issues. Please state if there are any areas of disagreement on these issues and, if so, summarize the parties' position on each:

_____


If there are disputed issues specified above, or elsewhere in this report, then (check one):

___ One or more of the parties requests that a preliminary pre-trial conference under Rule 16 be scheduled to discuss these issues and explore possible resolutions. Although this will be a non-evidentiary hearing, if technical ESI issues are to be

addressed, the parties are encouraged to have their information technology experts with them at the hearing.

**If a preliminary pre-trial conference is requested, a motion shall also be filed pursuant to Rule 16(a), Fed. R. Civ. P.**

__x_ All parties agree that a hearing is not needed at this time because they expect to be able to promptly resolve these disputes without assistance of the Court.

IV. **Agreed Discovery Plan for Plaintiffs and Defendants**

**A. Certificate of Interested Persons and Corporate Disclosure Statement —**

This Court has previously ordered each party, governmental party, intervenor, non-party movant, and Rule 69 garnishee to file and serve a Certificate of Interested Persons and Corporate Disclosure Statement using a mandatory form. No party may seek discovery from any source before filing and serving a Certificate of Interested Persons and Corporate Disclosure Statement. A motion, memorandum, response, or other paper — including emergency motion — is subject to being denied or stricken unless the filing party has previously filed and served its Certificate of Interested Persons and Corporate Disclosure Statement. Any party who has not already filed and served the required certificate is required to do so immediately.

Every party that has appeared in this action to date has filed and served a Certificate of Interested Persons and Corporate Disclosure Statement, which remains current:

___x____ Yes

_____ No

**B. Discovery Not Filed —**

The parties shall not file discovery materials with the Clerk except as provided in Local Rule 3.03. The Court encourages the exchange of discovery requests on diskette. *See* Local Rule 3.03 (f). The parties further agree as follows:

**C. Limits on Discovery —**

Absent leave of Court, the parties may take no more than ten depositions per side (not per party). Fed. R. Civ. P. 30(a)(2)(A); Fed. R. Civ. P. 31(a)(2)(A); Local Rule 3.02(b). Absent leave of Court, the parties may serve no more than twenty-five interrogatories, including sub-parts. Fed. R. Civ. P. 33(a); Local Rule 3.03(a). Absent leave of Court or stipulation of the parties each deposition is limited to one day of seven hours. Fed. R. Civ. P. 30(d)(2). The parties may agree by stipulation on other limits on discovery. The Court will consider the parties' agreed dates, deadlines, and other limits in entering the scheduling order. Fed. R. Civ. P. 29. In addition to the deadlines in the above table, the parties have agreed to further limit discovery as follows:

> The Parties do not believe at this time that any changes should be made to the limitations on discovery imposed under these rules or by local rule or that other limitations should be imposed. However, the Parties reserve the right to request changes to limitations or additional limitations should the need arise during the course of discovery.

    1. Depositions

    2. Interrogatories

    3. Document Requests

    4. Requests to Admit

    5. Supplementation of Discovery

**D. Discovery Deadline —**

Each party shall timely serve discovery requests so that the rules allow for a response prior to the discovery deadline. The Court may deny as untimely all motions to compel filed after the discovery deadline. In addition, the parties agree as follows: [none]

**E. Disclosure of Expert Testimony —**

On or before the dates set forth in the above table for the disclosure of expert reports, the parties agree to fully comply with Fed. R. Civ. P. 26(a)(2) and 26(e). Expert testimony on direct examination at trial will be limited to the opinions, basis, reasons, data, and other information disclosed in the written expert report disclosed pursuant to this order. Failure to disclose such information may result in the exclusion of all or part of the testimony of the expert witness. The parties agree on the following additional matters pertaining to the disclosure of expert testimony: [none]

**F. Confidentiality Agreements —**

Whether documents filed in a case may be filed under seal is a separate issue from whether the parties may agree that produced documents are confidential. The

Court is a public forum, and disfavors motions to file under seal. The Court will permit the parties to file documents under seal only upon a finding of extraordinary circumstances and particularized need. *See Brown v. Advantage Engineering, Inc.*, 960 F.2d 1013 (11th Cir. 1992); *Wilson v. Am. Motors Corp.*, 759 F.2d 1568 (11th Cir. 1985). A party seeking to file a document under seal must file a motion to file under seal requesting such Court action, together with a memorandum of law in support. The motion, whether granted or denied, will remain in the public record.

The parties may reach their own agreement regarding the designation of materials as "confidential." There is no need for the Court to endorse the confidentiality agreement. The Court discourages unnecessary stipulated motions for a protective order. The Court will enforce appropriate stipulated and signed confidentiality agreements. *See* Local Rule 4.15. Each confidentiality agreement or order shall provide, or shall be deemed to provide, that "no party shall file a document under seal without first having obtained an order granting leave to file under seal on a showing of particularized need." With respect to confidentiality agreements, the parties agree as follows:

The parties may enter into a clawback agreement as concerns inadvertent disclosures of privileged information and request the Court enter any such agreement (if and when reached) but otherwise at present there are no agreements on confidentiality.

**G. Other Matters Regarding Discovery —**

[none]

V.	**Settlement and Alternative Dispute Resolution**.

    **A. Settlement** —

      The parties agree that settlement is

__x___ likely            _____ unlikely (check one)

      The parties request a settlement conference before a United States Magistrate Judge.

_____ yes _x___        no likely to request in future _____

    **B. Arbitration** —

      The Local Rules no longer designate cases for automatic arbitration, but the parties may elect arbitration in any case. Do the parties agree to arbitrate?

yes _____        no ___x___        likely to agree in future _____

_____ Binding        _____Non-Binding

    **C. Mediation** —

Absent arbitration or a Court order to the contrary, the parties in every case will participate in Court annexed mediation as detailed in Chapter Nine of the Court's Local Rules. The parties have agreed on a mediator from the Court's approved list of mediators as set forth in the table above, and have agreed to the date stated in the table above as the last date for mediation. The list of mediators is available from the Clerk, and is posted on the Court's web site at http://www.flmd.uscourts.gov.

    **D. Other Alternative Dispute Resolution** —

The parties intend to pursue the following other methods of alternative dispute resolution: none.

Date: August 23, 2023.

Signature of Counsel (with information required by Local Rule 1.05(d)) and Signature of Unrepresented Parties.

| /s/ Daniel DeSouza | /s/ Griffin Klema |
|---|---|
| Daniel DeSouza, Esq. | Griffin C. Klema, Esq. |
| Fla. Bar No.: 19291 | Fla. Bar No. 100279 |
| dan@copycatlegal.com | Griffin@KlemaLaw.com |
| CopyCat Legal PLLC | **Klema Law, P.L.** |
| 3111 North University Drive | PO Box 172381 |
| Suite 301 | Tampa, FL 33672 |
| Coral Springs, Florida 33065 | 420 W. Kennedy Boulevard |
| | Tampa, FL 33606 |
| Telephone: 877-437-6228 | Telephone: 202-713-5292 |
| *Attorney for Plaintiff* | *Attorney for Defendant* |