UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case No. 23-CV-1415-VMC/CPT

AFFORDABLE AERIAL
PHOTOGRAPHY, INC.,

    Plaintiff,

v.

JOSHUA STEIN, P.A.,

    Defendant.

---

## ANSWER AND AFFIRMATIVE DEFENSES

Defendant, Joshua Stein, P.A., by and through its attorney, Griffin Klema, Esq., files this, its answer and affirmative defenses to the plaintiff's Complaint [ECF 1].

## ANSWER

Defendant admits the truth of the allegations contained in Paragraphs 1, 2, 4, 5, (but denying the non-factual legal assertions), 6 (but denies that Robert Stevens is the sole shareholder), 10 (but denies plaintiff's characterization of what that website shows), 14 (admits that a certificate of registration is attached to the Complaint, but denies the remainder), 16 (but denies plaintiff's characterization of "luxury"), 17 (but denies it markets "primarily" through the URL identified), 18 (only as to the URL being published after the date stated on the certificate, but denying the remainder), 19 (only insofar as the screen captures are of the stated site, and denying the remainder),

20 (only as to defendant never contacting plaintiff and denying the remainder), and 23 (only insofar as plaintiff sent defendant an extortionate demand letter and denying the remainder).

Defendant lacks knowledge or information sufficient to form a belief about the truth of the allegations contained in paragraphs 3, 7, 9, 20, 22, and 23 (as to plaintiff's diligence or discovery) of the Complaint and therefore denies same.

Paragraphs 24 and 36 of the Complaint are re-incorporation paragraphs, for which defendant re-adopts its responses.

Defendant denies the allegations contained in paragraphs 8, 11-15, 21-22, 25-35, and 37-42 of the Complaint.

Defendant denies that plaintiff is entitled to any relief whatsoever in this action.

Defendant specifically denies all allegations, if any, and conclusions of law, if any, to which they did not specifically admit or respond to in this Answer to plaintiff's Complaint.

## AFFIRMATIVE DEFENSES

1. **Defense 1 – Damages are Limited to Objective Market Value.** Plaintiff's damages are barred, in whole or in part, based on an objective determination of the market value of the subject work, based on prevailing market forces. E.g., Jarvis v. K2 Inc., 486 F.3d 526 (9th Cir. 2007); On Davis v. The Gap, Inc., 246 F.3d 152 (2d Cir. 2001). The objective market value of the alleged work is relevant to and limits plaintiff's claim to damages, whether statutory or actual. The actual market for utilitarian real estate imagery for use online is approximately $10 for a perpetual

worldwide royalty-free nonexclusive license. Furthermore, plaintiff maintained a website, stockimagedepot.com, where it offered its images for license for $45. The amount of money the commissioning agent or brokerage paid plaintiff, on a per-image basis, also shows the marginal actual, objective value of a license for the work. Plaintiff has also admitted under oath that it would never license its residential home images due to concerns about the homeowner's security.

2. **Defense 2 – Plaintiff Lacks Standing.** On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in an unidentified person, possibly affiliated with Creative Retouch Studio, or Creative Retouch Studio is the owner. The registered work, was a work for hire such that plaintiff does not have, and knew it did not have, any ownership interest in the subject work. 17 U.S.C. § 201(b). Plaintiff has no written transfer of the copyright from the original author to it, signed by the author, as required by § 204. Further, because plaintiff knew of the inaccuracy concerning its lack of ownership, and ownership is material to a certificate of registration, it cannot maintain the present action because it lacks standing and has failed to state a claim upon which relief may be granted. 17 U.S.C. §§ 411 and 501(b).

3. **Defense 3 – Invalidity – No Ownership.** On information and belief, plaintiff is not the owner of the alleged copyrighted work, as ownership of any copyright in same vested in the original author of that work, a person who was not an employee of plaintiff. 17 U.S.C. § 201(b). As a work for hire without a written transfer, plaintiff did not have, and does not currently have, any ownership interest in the

subject work. Consequently, plaintiff is not considered a claimant pursuant to the Copyright Act, and the copyright registration sued upon is invalid for a knowing and material error. AAP's use of attorneys to register its copyright makes its omissions actual knowledge, or at least willful blindness.

4. **Defense 4 – Invalidity – Insufficiently Creative.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' copying, if any, of any element from the work in which plaintiff alleges a copyright interest did not involve use of any elements of that work that are sufficiently original to warrant copyright protection. Applying the doctrines of merger, *scènes à faire*, natural elements, standard technique or practice, efficiency, compatibility, and others, plaintiff has no copyrightable (protectable) expression, and thus copying the subject work cannot infringe plaintiff's claimed copyright. There is no originality in the timing or the subject matter. Plaintiff was hired to take the photographs for use on a multiple listing service, and did not choose the subject matter depicted. Nothing in the work was created or staged by plaintiff. The MLS rules and industry norms and the commissioning agent's expectations all constrained plaintiff's creative choices. Furthermore, aerial photography is now ubiquitous, and commonplace among high-end real estate property listings such that the "angle" of the image is not protectable expression but rather merely an unprotectable idea. Harner v. Wong Corp., no. 12-cv-00820 (D.N.M. Oct. 31, 2013) Kim Seng Co. v. J & A Importers, Inc., 810 F.Supp.2d 1046 (C.D. Cal. 2011); Oriental Art Printing v. Goldstar Printing Corp., 175 F.Supp.2d 542 (S.D.N.Y. 2001); see also Rentmeester v. Nike, Inc., 883 F.3d 1111, 1120 (9th Cir. 2018); Ets-

Hokin v. Skyy Spirits, Inc., 323 F.3d 763 (9th Cir. 2003); Satava v. Lowry, 323 F.3d 805, 811 (9th Cir. 2003).

5. **Defense 5 – No Statutory Damages or Attorney's Fees.** Because the certificate of registration is invalid, plaintiff cannot recover statutory damages or attorney's fees because any alleged infringement would predate the effective date of any new copyright certificate. 17 U.S.C. § 412.

6. **Defense 6 – Innocent, Good Faith Use; Invalid CMI.** Plaintiff's claims and/or damages are barred, in whole or in part, because plaintiff's purported notice on the work is insufficient to the point of being unnoticeable. 17 U.S.C. § 401; 37 C.F.R. § 202.2(c). Defendants have not willfully infringed any intellectual property or other rights owned by plaintiff and because defendants have acted in good faith and without any intent to injure plaintiff. Because the purported "notice" is both misleading as to the claimant/owner as well as calculated to be unobservable (besides being contrary to MLS rules), it does not qualify as CMI and separately is insufficient to support a finding that defendant had intent to remove any copyright management information. On information and belief, the CMI is 18-pixels high on a 3,000-plus pixel high image, constituting one-half of one percent of the work's resolution such that it does not constitute CMI. Furthermore, the "notice" allegedly applied by plaintiff violates the requirements of the Copyright Office, and thus does not qualify as CMI. § 2206.6 ("a notice that is so small that it cannot be read without a magnifying glass is considered unacceptable"); § 2206.7 ("To be acceptable, a notice must be legible to an ordinary user of the work under normal conditions of use"). The

abbreviation "AAP" also does not reasonably apprise the public that the owner is Affordable Aerial Photography, Inc.

7. **Defense 7 – No Actual Knowledge of CMI**. The same reasons articulated in affirmative defense no. 6, defendants did not have actual knowledge that any CMI was removed, assuming it was even there in the first place. Victor Elias Photography, LLC v. Ice Portal, Inc., 43 F. 4th 1313 (11th Cir. 2022) (citing plaintiff's prior failed CMI removal case, Stevens v. Corelogic, Inc., 899 F.3d 666 (9th Cir. 2018)). Consequently, defendant also did not have actual or constructive knowledge that its website would induce, enable, facilitate, or conceal others' infringement of the work. Plaintiff has no damages and the court may remit whatever damages plaintiff may adduce because defendant was not aware and had no reason to believe that any of its acts constituted a violation. 17 U.S.C. § 1203(5)(A).

8. **Defense 8 – De Minimis Use.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was *de minimis*.

9. **Defense 9 – License.** Plaintiff's claims and/or damages are barred, in whole or in part, because defendants' use, if any, of any element from the work in which plaintiff alleges a copyright interest was a permissible use pursuant to license (whether contractually, impliedly, or equitably) granted by plaintiff, and/or the MLS, the commissioning agent, or the brokerage firm. Furthermore, on information and belief, plaintiff made the subject work available for license to the public through Vimeo.com.

10. **Defense 10 – Spoliation of Evidence.** Plaintiff, knowing that it had previously licensed to the public the subject work, knowingly and with the intention to avoid the discovery of that fact deleted its Vimeo.com account, and also deleted information pertaining to plaintiff's former website, stockimagedepot.com. Defendants are entitled to an adverse inference and other curative measures as a result of plaintiff's spoliation of evidence adverse to its claims.

11. **Defense 11 – Copyright Misuse**. Plaintiff has misused the copyright in the registered work, contrary to the purposes of the Copyright Act. <u>Lasercomb America, Inc. v. Reynolds</u>, 911 F.2d 970 (4th Cir. 1990). Its improper conduct includes: refusing to license the work in an arm's length transaction while demanding $1,500 per year license fee solely for purposes of litigation, selectively enforcing against certain persons and entities, using enforcement efforts to derive revenue extortionately greater than the fair market value of the work or the fair amount of damages actually suffered, securing default judgments predicated on false or misleading affidavits which are further used to improperly extort supra-competitive settlements, intentionally minimizing and obfuscating its copyright notice on its works, placing the copyright notice at the very edge so that the slightest cropping might remove it, and generally engaging in a pattern of improper pre-suit and litigation misconduct. AAP cannot claim the benefits of its copyright monopoly.

                                                                         /s/ Griffin Klema
                                                                         Griffin C. Klema, Esq.
                                                                         Fla. Bar No. 100279

Griffin@KlemaLaw.com
**Klema Law, P.L.**
PO Box 172381
Tampa, FL 33672
420 W. Kennedy Boulevard
Tampa, FL 33606
Telephone: 202-713-5292
Attorney for Defendant